IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID WARREN HUFFMAN,

        Petitioner,

    v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

        Respondent.

Case No. 2:21-cv-3952
District Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner David Warren Huffman, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED with prejudice.**

I.      BACKGROUND

Petitioner challenges his convictions after pleading guilty to charges of kidnapping and rape. On February 13, 2017, Judge Ethna Cooper of the Hamilton County, Ohio, Court of Common Pleas imposed a sentence of eleven years imprisonment. (ECF No. 3, PageID 22, citing Hamilton Cnty. C.P. Case No. B 1601593). Petitioner undertook no direct appeal and did

not file a postconviction petition.  (*Id*. at PageID 22–24).  On April 7, 2021, he filed a Motion for New Trial, which the trial court denied on April 12, 2021.  (*Id*. at PageID 37).

On July 19, 2021, Petitioner filed this *pro se* amended habeas corpus petition.  He asserts that: trial counsel was ineffective (Claims One and Four); he can overcome any procedural default (Claim Two); and he was prejudiced by trial counsel's failure to object to hearsay testimony and "for not bringing in an expert to rebut the testimony of [the] forensic interviewer." (Claim Three) (*Id*. at PageID 24, 26, 28, 29, 38–39).

**II.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions.  28 U.S.C. § 2244(d).  The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.  A District Court is permitted, but not obligated, to address *sua sponte* the timeliness of a federal habeas corpus petition, and may do so when conducting an initial review under Rule 4. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on March 15, 2017, when the thirty-day period in which to undertake an appeal from his conviction and sentence expired.  28 U.S.C. §2244(d)(1)(A); Ohio R.App.P. 4(A)(1).  Thus, Petitioner had until March 15, 2018, to file a petition.  His failure to do so renders the Petition untimely.  Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations.  *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (To obtain equitable tolling of the statute of limitations, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").  Accordingly, the Petition is time-barred.

Even if the statute of limitations did not operate to bar the Petition, Petitioner would still not be entitled to relief.  First, by failing to raise any of the claims on direct appeal or in a petition for postconviction relief, Petitioner has failed to exhaust the claims.  *See* 28 U.S.C. § 2254(b).  This Court may *sua sponte* dismiss a habeas petition for failure to exhaust.  *Hayden v. Bureau of Prisons*, No. 09-CV-13134, 2009 WL 2983113, *1 (E.D. Mich. Sept. 15, 2009), citing *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).  Second, it is axiomatic that Claim Two, "overcoming procedural default," is not an independent ground for relief.

### III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED with prejudice**.  Because no reasonable jurist could disagree with this conclusion or find that

Petitioner "has made a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), Petitioner should not be granted a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Further, this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous, and therefore Petitioner should not be permitted to proceed *in forma pauperis* on appeal.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:   July 21, 2021                                   s/ Kimberly A. Jolson
                                                                        KIMBERLY A. JOLSON
                                                                        UNITED STATES MAGISTRATE JUDGE